HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EZION HOLDINGS LIMITED,<br><br>           Plaintiff,<br><br>  v.<br><br>TERAS CARGO TRANSPORT PTE LTD, SONNY JOE SANDERS, TERAS CARGO TRANSPORT (AMERICA) LLC ,<br><br>           Defendants. | CASE NO. 3:15-CV-05919-RBL<br><br>ORDER ON PLAINTIFF'S MOTION TO REMAND<br><br>DKT. #12 |

       THIS MATTER is before the Court on Ezion Holdings Limited's Motion to Remand [Dkt. #12] for lack of subject matter jurisdiction.

       In 2010, Ezion—a Singaporean marine logistics and support provider—lent Teras Cargo Transport Pte Ltd. $4 million and sold Teras ownership to Sonny Joe Sanders. The loan agreement was to "be construed, governed and interpreted in accordance with the laws of Singapore except in the circumstances where the application of the law of the United States is at issue in such case the law and jurisdiction of the United States shall govern." Dkt. #3-1, p. 15, ¶18. The agreement further provided *that except in situations where U.S. law is at issue*, "any dispute arising out of or in connection with this Agreement, including any question regarding its

1 existence, validity or termination, shall be referred to and finally resolved by arbitration in
2 Singapore…" *Id.* at 16, ¶19.

3     Ezion commenced Singaporean arbitration in 2015, alleging that the Defendants
4 defaulted on the loans. The Defendants did not respond to the arbitration demand for more than a
5 month, and Ezion sued them for breach of contract in Pierce County Superior Court. The next
6 day, the Defendants claimed the arbitration was improper because "the application of the law of
7 the United States is at issue." *See* Dkt. #12-1, p.5, ¶ 3.2.

8     The Defendants nevertheless removed the case to this Court, claiming that the dispute
9 "relates to an international arbitration agreement," giving this Court subject matter jurisdiction
10 under 9 U.S.C. § 205.  The Defendants also notified Ezion that they considered the U.S. lawsuit
11 a "repudiatory breach of the arbitration agreement." Dkt. #12-2, p.4, ¶ 4a. The Defendants
12 accepted the breach and unilaterally terminated the arbitration agreement. *Id.* Ezion ended the
13 pending arbitration in Singapore.

14     Ezion seeks remand, arguing that this case does *not* relate to an international arbitration
15 agreement. It argues that the Defendants' removal is flatly contrary to the position they took in
16 response to the earlier arbitration—that the dispute is exempt from the arbitration agreement
17 because U.S. law governs—and should not be effective. Ezion further contends that the
18 Defendants' termination of the arbitration agreement precludes removal on this basis, and that it
19 is binding whether or not Ezion expressly "reciprocated" their repudiation. It argues that there is
20 no other basis for removal. It seeks attorney's fees incurred in bringing this motion.

21     The Defendants argue that the Court must first determine the applicability and
22 enforceability of the arbitration agreement before deciding whether remand is proper. They argue
23 that Ezion's claims and their own affirmative defenses (including a claim to compel arbitration)
24

"relate to" the arbitration agreement and therefore satisfy §205's low removal threshold. While acknowledging they terminated the arbitration agreement, the Defendants contend the clause nevertheless applies to Ezion's claims. They also argue the agreement could be implicated in the future if issues of Singapore law arise and because Ezion failed to reciprocate by also terminating the agreement.

## DISCUSSION

**I.      Removal was Improper Because the Dispute Does Not Relate to a Arbitration Agreement under the Convention.**

Federal courts have removal jurisdiction in cases related to international, commercial arbitration agreements under the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205

The Court must answer two questions: (1) whether there is an arbitration agreement (or award) that "fall[s] under the Convention," and (2) whether "the subject matter of an action or proceeding pending in a State court relates to" that arbitration agreement. *Davis v. Cascade Tanks, LLC*, No. 3:13-CV-02119-MO, 2014 WL 3695493, at *4 (D. Or. July 24, 2014).

In order to "fall under the Convention," the agreement or award (1) must arise out of a legal relationship (2) which is commercial in nature and (3) which is not entirely domestic in scope. *See Ministry of Def. of Islamic Republic of Iran v. Gould Inc.*, 887 F.2d 1357, 1362 (9th Cir. 1989). "[W]henever an arbitration agreement falling under the Convention could

1 conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's
2 suit." *Infuturia Global Ltd. v. Sequus Pharms, Inc.*, 631 F.3d 1133, 1138 (9th Cir.2011). The
3 phrase "relates to" is plainly broad, and has been interpreted to convey sweeping removal
4 jurisdiction. *Id.*

5     The grounds for § 205 removal need not appear on the face of the complaint but may be
6 shown in the petition for removal. 9 U.S.C. § 205. This allows for removal based on affirmative
7 defenses relating to an arbitration agreement, provided the arbitration could conceivably impact
8 the outcome of the case in a way not "absurd or impossible." *See Infuturia*, 631 F.3d at 1138.

9     The parties do not dispute that the arbitration agreement falls under the Convention.
10 Instead, they dispute whether this lawsuit actually relates to the arbitration agreement. Ezion
11 emphasizes that the Defendants affirmatively resisted arbitration by claiming that the arbitration
12 agreement did not apply (because U.S. law did apply) and then terminated the arbitration
13 agreement—making dubious their claim that the arbitration agreement could play some role in
14 the litigation. The Defendants nevertheless claim the arbitration agreement is "central" to this
15 dispute and that it "might arise" in the future.

16     Despite the relatively low removal bar under § 205, the Defendants' removal was
17 improper. The Defendants cannot gain a procedural advantage by claiming the arbitration
18 agreement applies, after advantageously disclaiming the clause twice before. Ezion's motion to
19 remand is GRANTED.

20 **II.     Ezion's Fee Request is Denied Because Removal was not Objectively Unreasonable.**

21     Ezion argues the Defendants' removal was objectively unreasonable. It seeks $39,937.50
22 in fees associated with bringing this motion. The Defendants argue that their removal was not
23
24

objectively unreasonable given the broad discretion under § 205 and their "good reasons" for doing so. *See* Dkt. #23, p. 15.

Courts may award attorney's fees only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). When an objectively reasonable basis for removal exists, fees should be denied. *Id*. A showing of bad faith can support a fee award, but it is not required. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Courts have broad discretion under §205, and therefore the Defendants' removal was not objectively unreasonable. Although the Court does not condone the Defendants' tactics, it nevertheless DENIES Ezion's request for fees.

## CONCLUSION

Ezion's motion to remand is GRANTED. This matter is REMANDED to the Pierce County Superior Court. The Court will not award fees.

IT IS SO ORDERED.

Dated this 26th day of February, 2016.

Ronald B. Leighton
United States District Judge